UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

M.J. FARMS, LTD.                    CIVIL ACTION NO. 07-0963

VERSUS                              U.S. DISTRICT JUDGE DEE D. DRELL

EXXON MOBIL CORPORATION,
     et al                         U.S. MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court are motions to remand by the plaintiff, M.J. Farms, Ltd. (M.J. Farms), **doc. #28**, and by the State of Louisiana (the State), **doc. # 39**, referred to me by the district judge for Report and Recommendation.

This is a suit by a large landowner in Catahoula Parish, Louisiana to enforce its rights under the Louisiana Mineral Code and other Louisiana laws regarding damages it alleges were caused by defendants in failing to restore the plaintiff's property upon completion of oilfield operations on the land.

Suit was filed in state court in Catahoula Parish, Louisiana on April 27, 2006. Over a year later, the defendants removed the case to this court claiming that a federal question had arisen, thus conferring jurisdiction on this court. A petition for removal was filed and plaintiff has filed a motion to remand the case to state court, arguing that federal jurisdiction does not exist. The State, as intervenor in the state court suit, has also filed a motion to remand asserting that this court should let the state

courts decide the issues presented and with which the state court is already familiar. The plaintiff argues that no federal question was raised by its complaint and that, in any event, the defendants did not timely remove the case to this court. Plaintiff also argues, in the alternative, that this court should abstain from considering the case.

Discussion

Plaintiff did not raise a federal question in its petition in state court. However, because plaintiff's suit was one for remediation, defendants sought to invoke the recently enacted provisions of Louisiana Act 312 of the 2006 legislative session. That Act imposed duties and limitations on a landowner seeking oilfield remediation. Plaintiff opposed the application of the Act to this suit and argued that the Act did not apply to its claims and that the Act could not be applied retroactively. Plaintiff further pointed out that, if the Act were applied retroactively to divest its vested rights, it would violate plaintiff's constitutional rights under the due process clause of the United States Constitution.

The state trial judge indeed found the Act to be unconstitutional but the decision was reversed on appeal by the Louisiana Supreme Court which found the issue of constitutionality of the Act had not been properly raised according to the court's requirements.

A careful reading of plaintiff's state court petition reveals that only state law claims were raised. Federal law provides that the party who brings suit is master of what law is invoked. See The Fair v. Kohler Die & Specialty Co., 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law."  See Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995).  Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425 (1987).  This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim."  See Carpenter, supra.

However, there are exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal. Another exception to the well-pleaded complaint rule applies where there exists complete preemption by

federal law. <u>Caterpillar</u>, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912 (5th Cir. 2001).

_____In this case, the complaint did not raise a federal question. The Constitutional issue arose a year later when, in response to a defense asserted by defendants and the intervention asserted by the State regarding Act 312, plaintiff argued that the Act's application would deprive it of its due process rights under the Constitution. The Constitutional question did not appear on the face of plaintiff's complaint and its resolution is not a substantial necessary element of plaintiff's claim. As plaintiff points out, its primary argument is that the Act does not even apply; only in the alternative did it argue that applying the Act retroactively would deprive it of Constitutional rights.

_____This is not a case of artful pleading, nor is it a case where preemption applies. Rather, the federal question, to the extent there is one, arose as a result of a defense to plaintiff's complaint. It is, as plaintiff correctly points out, a "defense to a defense". Plaintiff's claims do not arise under the Constitution, nor do they arise under other federal law. They arise under state law and state law and the state courts should resolve the issues

surrounding the applicability *vel non* of Act 312.

Because there is no federal jurisdiction, I need not discuss the timeliness of defendants' removal or the applicability of an abstention doctrine. Neither is it necessary to discuss the State's motion to remand based on comity.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to remand, Doc. # 28, be GRANTED. It is recommended that the State's motion to remand, doc. #39, be DENIED AS MOOT.

**<u>OBJECTIONS DUE IN 5 DAYS</u>**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), THE TIME FOR OBJECTIONS IS REDUCED and the parties have five (5) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within two (2) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN**

**AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10TH  day of July, 2007.


JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6